# In the United States District Court
# for the
# Western District of Texas

| | |
|---|---|
| JOHN W. SWEET, JR., | § |
| | § |
| *Plaintiff,* | § |
| | § |
| v. | § Case No. SA-10-CV-1039-XR |
| | § |
| INDIANAPOLIS JET CENTER, INC., ET AL., | § |
| | § |
| *Defendants.* | § |

## ORDER

On this day came on to be considered Defendants' motion to dismiss for lack of jurisdiction, or in the alternative motion to transfer case (docket no. 8) and Defendants' motion to transfer venue (docket no. 26). The Court previously denied the motion to dismiss for lack of jurisdiction. *See* docket no. 20.

For the reasons set forth below, the Court grants the motions to transfer venue pursuant to 28 U.S.C. section 1404(a).[1]

In applying section 1404(a), a district court is to determine first, "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203

---

[1] "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

(5th Cir. 2004).

Transfer of venue pursuant to 28 U.S.C. § 1404(a) is at the discretion of the court, considering: "'[a]ll relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). The moving party bears the burden of demonstrating that a change of venue is warranted. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966).

The court first addresses the issue of whether the Southern District of Indiana qualifies as a judicial district where the civil action "might have been brought." *See* 28 U.S.C. § 1404(a); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). As this action is founded solely on diversity of citizenship, it may be brought in: (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a).

Virtually every remaining Defendant in this case resides in Indiana. Some may be located outside the United States, but no Defendant resides in Texas. Thus, the Southern District of Indiana is a judicial district where the civil action

"might have been brought." Alternatively, this action could have originally been brought in the Southern District of Indiana because a substantial part of the events giving rise to Plaintiff's causes of action occurred there, including without limitation, the signing of the employment agreement at issue.

Once an initial determination is made that the judicial district to which transfer is sought would have been a district in which the claim could have been filed, a district court turn[s] to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and the issue of "in the interest of justice." The determination of "convenience" turns on a number of private and public interest factors, none of which is given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *In re Volkswagen AG*, 371 F.3d at 203 (citations omitted).

The court will first analyze the private and public interest factors and will then address whether these factors warrant disturbing Plaintiff's choice of forum.

## A. Consideration of Private and Public Interest Factors

### 1. Relative Ease of Access to Sources of Proof

Defendants have set forth a sufficient factual basis why the access to sources of proof favors a transfer to the Southern District of Indiana. Based on the record before the court, the bulk of the relevant records are concentrated in Indianapolis. There is no indication that relevant sources of proof, including books and records, are kept in the Western District of Texas. This factor weighs in favor of transfer.

### 2. Convenience of the Witnesses, Cost of Attendance of Willing Witnesses and Ability of Compulsory Process to Secure the Attendance of Witnesses

The availability and convenience of witnesses is arguably the most important of the factors in the § 1404 analysis. *See, e.g., LeBouef v. Gulf Operators, Inc.*, 20 F.Supp.2d 1057, 1060 (S.D. Tex .1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice And Procedure § 3851, at 415 (1986)). Defendants have provided evidence that the vast majority of witnesses who will testify at trial reside in the Southern District of Indiana, not Texas. The witnesses are within the subpoena power of the Southern District of Indiana, but are not within the subpoena power of the Western District of Texas. Accordingly, considerations of availability, convenience, and costs to witnesses favor transfer.

### 3. Problems that Make the Trial of the Case Easy, Expeditious, and Inexpensive

As indicated above, the vast majority of witnesses reside in Indiana. This

factor weighs in favor of a transfer.

### 4. Administrative Difficulties Flowing From Court Congestion

Neither party address this issue directly. Accordingly, this factor is neutral.

### 5. Local Interest in Having Local Interests Decided at Home

Ordinarily, there is a preference to try an action where the alleged wrong or injury occurred. Plaintiff argues that the alleged wrong occurred in the Western District of Texas. Defendants, on the other hand, argue that the alleged wrongs occurred in the Southern District of Indiana. The State of Texas has an interest in protecting its citizens from the "tortious conduct of nonresidents aimed at its own residents." In this case, however, Defendants argue that Plaintiff's employment agreement was negotiated and signed in Indiana and Plaintiff managed an avionics department located in Indiana. The court determines that this factor is neutral.

### 6. Familiarity of the Forum with the Law that Will Govern the Case; Avoidance of Unnecessary Problems of Conflict of Laws of the Application of Foreign Law

Defendants argue that Indiana law should apply to this case. Plaintiff appears to argue that Texas law would apply. Regardless of which party is correct, no suggestion has been made that the Southern District of Indiana would have difficulty resolving Texas state law claims (should it be determined that Texas law does apply). Accordingly, this factor neither weighs in favor of nor against transfer.

5

### B. Determination of Whether the Balance of the Factors Warrants Disturbing Plaintiff's Choice of Forum

A plaintiff's choice of forum is entitled to some deference and generally should not be disturbed unless the balance of factors strongly favors the moving party, *see Houston Trial Reports, Inc., v. LRP Publ'ns, Inc.*, 85 F.Supp.2d 663, 667 (S.D.Tex.1999); however, a court may not attribute "decisive weight" to a plaintiff's choice of forum. A "[p]laintiff's choice of forum is clearly a factor to be considered but in and of itself is neither conclusive nor determinative." *In re Horseshoe Entm't*, 337 F.3d at 434.

In light of the fact that ease of access to sources of proof, and more importantly the availability, convenience, and cost of attendance of willing witnesses weigh strongly in favor of transfer to the Southern District of Indiana, and all remaining factors are neutral or inapplicable, the court determines that disturbing Plaintiff's choice of forum is warranted in this case. The Court recognizes that this ruling will require Plaintiff to bear some additional expenses, but in light of the fact that many witnesses are beyond subpoena power in the Western District of Texas, Plaintiff is already burdened by travel expenses in this case.

### Conclusion

For the reasons stated herein, the court determines that Defendants have met their burden by making a showing sufficient to justify a transfer of this action "for the convenience of the parties and witnesses, in the interest of justice" to the Southern District of Indiana. The Clerk of Court shall effect the transfer

6

of this action in accordance with the usual procedure.

It is so ORDERED.

SIGNED this 22nd day of June, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE