UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN W. SWEET, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:11-cv-843-WTL-DKL |
| | ) |
| INDIANAPOLIS JET CENTER, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON MOTION FOR RELIEF FROM FINAL JUDGMENT

The Defendants in this case filed motions to dismiss Plaintiff John W. Sweet, Jr.'s second amended complaint in November 2011. At that time the Plaintiff was represented by attorney Glenn Levy. The Plaintiff did not file a response to either motion. In January 2012, several weeks after the time for responding to the motions to dismiss had expired, two additional attorneys, Kathleen Sweeney and Charles Hayes, entered their appearance for the Plaintiff; Mr. Levy did not move to withdraw his appearance.

On March 29, 2012, the motions to dismiss reached the front of the Court's queue of pending motions, and, with no response to the motions to dismiss having been filed, the Court summarily granted the motions to dismiss and dismissed the Plaintiff's second amended complaint. The Court further determined that it was appropriate to enter final judgment at that time, inasmuch as the Plaintiff had already had the opportunity to amend his complaint in response to a previous motion to dismiss.

The Plaintiff now moves to set aside the entry of judgment pursuant to Federal Rule of Civil Procedure 60(b) which provides, in relevant part, that a court may relieve a party from a final judgment in cases of "mistake, inadvertence, surprise, or excusable neglect." In this case, judgment was entered because Plaintiff's attorney, Glenn Levy, failed to respond to the motions to dismiss. Mr. Levy has given no good reason for his failure; he was negligent. However, attorney negligence can constitute excusable neglect for Rule 60(b) purposes. *See Pioneer Inv. Servs. Co.*

*v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 394 ("excusable neglect" can "encompass situations in which the failure to comply with the filing deadline is attributable to negligence"). Further, "[w]hen an innocent mistake can be rectified without harm to anyone (loss of a windfall is not the kind of harm that a court should endeavor to avert), it should be" *In re UAL Corp.*, 411 F.3d 818, 823-24 (7th Cir. 2005). In this case, the Defendants will suffer no harm if the judgment is set aside, other than the "loss of the windfall" of not having to defend against Sweet's claims. Accordingly, the Court, in its discretion, hereby orders that the judgment be set aside.

The Clerk is directed to reopen this case and to reinstate the motions to dismiss (dkt. nos. 64 and 66). The Clerk is further directed to file this date the following: Sweet's responses to the motions to dismiss (found at exhibits 5 and 6 to dkt. no. 73); Sweet's Motion for Leave of Court to Amend Complaint as to All Defendants (found at exhibit 1 to dkt. no. 73); and Sweet's Memorandum in Support of Motion for Leave to File Third Amended Complaint (found at exhibit 3 to dkt. no. 73). The Court will defer ruling on the motion for leave to permit the Defendants time to respond to it; however, the Defendants should bear in mind the fact that leave to amend is freely given pursuant to Federal Rule of Civil Procedure 15(a)(2).[1] If the motion for leave ultimately is granted, the pending motions to dismiss will, of course, be moot.

SO ORDERED: 06/29/2012

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[1] The Court notes that Sweet is incorrect when he states in his motion to amend that "[t]ypically in responding to a motion to dismiss, plaintiff is not required to seek leave to amend the complaint if the amended complaint cures the issues raised in support of dismissal." Plaintiff's Motion at ¶ 15. Pursuant to Federal Rule of Civil Procedure 15(a), as amended effective December 1, 2009, a plaintiff is required to seek leave to amend unless (1) the amendment is the first amendment of the pleading in question, and (2) the amendment is filed within the deadline set forth in Rule 15(a)(1). Neither is the case here.