UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN W. SWEET, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:11-cv-843-WTL-DKL |
| ) | |
| INDIANAPOLIS JET CENTER, INC., et al., ) | |
| ) | |
| Defendants. ) | |

### ENTRY REGARDING PENDING MOTIONS

This cause is before the Court on several motions, each of which is addressed, in turn, below.

### Motion to Amend Complaint

In response to the Defendants' motions to dismiss his second amended complaint, Plaintiff John W. Sweet, Jr., has filed a motion to file a third amended complaint.[1] The Defendants object to Sweet's motion to amend on several grounds. First, they point out that Sweet already has had several opportunities to amend his complaint. While this is technically true, the Defendants overreach with some of their assertions relating to this argument. First, they take Sweet to task for filing an amended complaint in this Court that included two defendants who had been dismissed before this case was transferred from the Western District of Texas. However, Sweet had been granted leave to file that particular amended complaint by the Texas court prior to transfer, and therefore it was not improper for him to file it; indeed, it would have been improper for him to file a different amended complaint without seeking leave to do so. Similarly, while Sweet's amended complaint did, in fact, contain inadequate jurisdictional allegations, the fact remains that Sweet had been granted leave to file it by the Texas court. It was this Court that ordered Sweet to file a

---

[1] Sweet originally filed this case in the Western District of Texas. He sought and was granted leave to amend his complaint in that court in response to motions to dismiss. His second amended complaint was filed at the direction of this Court to correct deficiencies in his jurisdictional allegations.

different amended complaint than the one approved by the Texas court to remedy issues that were identified by this Court after transfer.

The Defendants also object to the fact that Sweet's tendered third amended complaint includes the two Defendants–Randy Keeker and Comlux the Aviation Group–who were dismissed by the Texas court. There is nothing improper about this. While it is true that when this Court ordered Sweet to file a second amended complaint with corrected jurisdictional allegations it also instructed Sweet not to include the dismissed parties, that order cannot be equated with a ruling that those parties could not be reintroduced into this case under any circumstances. The Court's goal was to have a second amended complaint on file that accurately reflected the state of the case at that time and demonstrated that this court had subject matter jurisdiction over the case. In other words, Sweet had not sought leave to amend his complaint in a substantive way; rather, the Court was ordering technical changes to his complaint.

Now, however, Sweet has moved to substantively amend his complaint. Sweet points out, correctly, that Keeker and Comlux the Aviation Group were dismissed by the Texas court because that court did not have personal jurisdiction over them. Because Sweet believes that this Court does have personal jurisdiction over them, it is not improper for Sweet to seek to reinstate them as Defendants now that the case is pending in this Court.[2]

The Comlux Defendants argue that it would be futile to permit Sweet to file his third amended complaint because his claims against them still would be subject to dismissal. The Court believes it will be more efficient to consider those arguments in the context of a motion to dismiss

---

[2]Defendant Indianapolis Jet Center, Inc., argues that "[i]f Plaintiff's Motion for Leave to Amend is granted, Keeker will have to incur the time, inconvenience and expense of preparing a court filing to ask this Court to once again confirm that it is not appropriate for Plaintiff to name him as a defendant in this case." IJC Response at 5. This argument is without merit. Keeker moved to dismiss on the ground that he was not subject to suit in Texas. To the extent that Keeker believes that the claims Sweet now asserts against him in this court are subject to dismissal, his motion to dismiss will be based upon entirely new arguments; this court will not be "confirming" anything.

2

the third amended complaint. Accordingly, the motion to amend (dkt. no. 91) is **GRANTED** and the third amended complaint (found at docket no. 73-2) is **DEEMED FILED** as of the date of this Entry.

## Motions to Dismiss

In light of the filing of the third amended complaint, the Defendants' motions to dismiss the second amended complaint (dkt. nos. 64 and 66) are **DENIED AS MOOT**.

As noted, the Comlux Defendants have argued that the third amended complaint is subject to dismissal for a variety of reasons. If the Comlux Defendants choose to move to dismiss the third amended complaint, they may incorporate by reference their Brief in Opposition to Plaintiff's Motion for Leave to Amend the Complaint (dkt. no. 96) rather than filing a new brief in support of their motion to dismiss if they wish to do so.

## Motion to Strike Reply

Defendant Indianapolis Jet Center, Inc., ("IJC") has moved to strike the Plaintiff's reply in support of his motion to amend his complaint because it was untimely. It was, in fact, untimely with regard to Defendant IJC, which filed its response to the motion to amend on August 14, 2012. The reply brief was timely with regard to the Comlux Defendants, who filed their response on August 15th. While rules and deadlines are important, the Court declines to strike the reply brief as to IJC, as doing so would serve no practical purpose. Accordingly, the motion to strike (dkt. no. 98) is **DENIED**. That said, Plaintiff's counsel is admonished that the Plaintiff already has been extended great latitude in this case and the Court expects strict compliance with all future deadlines.

SO ORDERED: 09/28/2012

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

3